UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEVIN N. HYDE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____

Case No. 1:08-cv-1012

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

    This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On April 13, 2005, plaintiff filed his application for DIB benefits alleging an April 12, 2005 onset of disability. (A.R. 91-93). His claim was denied on initial review. (A.R. 66, 77-81). On January 18, 2008, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 594-634). On May 13, 2008, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 56-65). On October 7, 2008, the Appeals Council denied review (A.R. 42-44), and the ALJ's decision became the Commissioner's final decision.

    On October 29, 2008, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. The three issues raised by plaintiff are as follows:

    1.  Whether the ALJ's decision finding that plaintiff was not disabled is supported by substantial evidence on the record was a whole;

2. Whether the ALJ committed reversible error in giving "no weight" to the opinions of treating physicians; and

3. Whether the ALJ committed reversible error when he "fail[ed] to mention that Dr. Barry Mintzes found the claimant met the listing, presumably giving that fact no weight[.]"

(Plf. Brief at iv, docket # 10). Upon review, I find that plaintiff's arguments do not provide a basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because plaintiff has not carried his statutory burden.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the

Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability date of April 12, 2005, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after April 12, 2005. (A.R. 58). The ALJ found that plaintiff had the following severe impairments: "status post myocardial infarction and coronary bypass surgery; obesity; history of tobacco abuse; depressive and anxiety disorders." (A.R. 58). Plaintiff did not have an impairment or combination of impairments which

met or equaled the requirements of the listing of impairments. (A.R. 58-62). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following modifications: he cannot perform prolonged walking activities [and] he is unable to consistently carry out complex or detailed instructions or work closely with others. Accordingly, the claimant has the residual functional capacity for a range of unskilled[,] entry-level[,] light work that does not entail more than limited contact with co-workers or the general public.

(A.R. 62). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment for the reasons explained below.
>
> First, no physician imposed a work preclusive limitation on the claimant's functioning. The undersigned notes the results of the EKG, echocardiographic, nuclear stress and clinical evaluations which do not unveil totally debilitating pathology. Fortunately, during the period at issue, repeated heart work[-]ups have demonstrated stable cardiac status for the claimant. The claimant has well-preserved ventricular functioning, and no ischemic response, significant wall motion or valvular anomalies. The claimant does not manifest evidence of [heart] failure, jugular venous distention, carotid bruit or other evidence of end-stage cardiac sequelae. The claimant testified that he had some history of a tailbone bruise and hemorrhoids, however[,] the record does not substantiate any functional limitations accruing to these conditions. Nor does the record corroborate the claimant's assertions that he is essentially bedridden on many days due to fatigue, amotivation, and mood disruption. The claimant averred some episodic difficulty breathing, in the face of which he smoked. The claimant oxygenates well on room air and does not require accessory muscle use for respiration. Generally, evaluators found his lungs to be clear without adventitious sounds. The claimant was apparently recently diagnosed with diabetes, but the evidence does not suggest that this disorder more than minimally hampers his ability to perform basic work tasks. The claimant does not have documented diabetic retinopathy, renal dysfunction, or other end-organ damage. The claimant is somewhat obese. The undersigned is aware that obesity is a risk factor that increases an individual's chances of developing impairments in most body [systems]. Obesity can cause limitation of function and the effects of obesity may not be obvious. The combined effects of obesity with other impairments may be greater than

might be expected without the disorder. The undersigned has considered any added or accumulative effects the claimant's obesity played on his ability to function. In spite of his weight, clinicians observed the claimant ambulate well without an assistive device and to retain functional range of motion. The claimant's neurological functions in terms of motor power, reflex activity and sensation were intact, and his musculoskeletal and extremity reviews were free of deformity, clubbing, cyanosis, edema, heat, discoloration, ulceration, diminished pulsation or atrophic changes. With respect to his emotional status, the evidence does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple, routine and somewhat isolative in nature as depicted in the residual functional capacity adopted. In spite of alleged academic deficits, the claimant, to his credit, has a solid history of skilled work activity. The claimant engages in a variety of daily activities. Within testimony or the written record, it was reported that the claimant performed self-care tasks, washed dishes and completed light household cleaning chores. In addition, the claimant prepared simple meals, mowed his lawn (using a rid[ing mower]), and cared for family pets. Further, the claimant operated a motor vehicle, went shopping, and spent time with family and a few friends. Moreover, the claimant watched television, did light reading, fished and occasionally went camping. Commendably, for some of the period at issue, the claimant has actively helped care for his grandchild.

(A.R. 63-64).

The ALJ found that plaintiff was not capable of performing his past relevant work which the vocational expert (VE) classified as "semi-skilled to skilled in function and medium to very heavy" in its exertional requirements. (A.R. 64). Plaintiff was 49 years old on his alleged onset of disability, and he was classified as a younger individual until January 28, 2006. On January 28, 2006, plaintiff reached age 50, and on and after that date, he was classified as an individual closely approaching advanced age. (A.R. 64). Plaintiff has a high school education and is able to communicate in English. (A.R. 64). The ALJ found that the transferability of jobs skills was not material to a disability determination. (A.R. 64). The ALJ then turned to the testimony of the VE. In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 78,300 jobs in Michigan's lower peninsula that the hypothetical person would be capable of performing. (A.R. 629-

30). The ALJ held that this constituted a significant number of jobs. Using Rules 202.21 and 202.14 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 56-65).

**1.**

The majority of plaintiff's arguments are based on evidence that he never presented to the ALJ. On June 9, 2008, a month after the ALJ's decision, Psychologist Barry Mintzes, Ph.D., wrote a letter to plaintiff's attorney in support of plaintiff's application for discretionary review by the Appeals Council. (A.R. 568). On August 14, 2008, plaintiff's attorney elicited a sworn statement from Psychologist Mintzes. (A.R. 6-37). On October 7, 2008, the Appeals Council denied review. (A.R. 42-44).

For almost two decades it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. Plaintiff invites the court to commit error when he asks the court to consider this evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. (Plf. Brief at 6-10, 22). This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

The last sentence of plaintiff's brief contains a passing request for alternative relief in the form of remand "for a new trial" [sic]. (Plf. Brief at 23). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried his burden.

Psychologist Mintzes's June 9, 2008 letter (A.R. 568) and his August 14, 2008 statement[1] (A.R. 6-37) are new because they were generated after the ALJ's May 2008 decision. *See*

---

[1] The curriculum vitae attached to the psychologist's statement (A.R. 38-41) is not new. (*See* A.R. 352-55).

*Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause). Plaintiff provides no explanation why he did not obtain the proffered evidence and file it before the ALJ made his decision. He has not carried his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). The proffered documents from Psychologist Mintzes are not material. The documents do not reflect the results of any objective tests, much less test results assessing plaintiff's condition on or before May 13, 2008. The psychologist's opinion that plaintiff was disabled (A.R. 568) would not be entitled to any particular weight. A claimant's RFC, credibility, whether he meets or equals a listed impairment, and the ultimate issue of disability are all issues reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). The testimony plaintiff's attorney elicited from Psychologist Mintzes months after the ALJ's decision (A.R. 8-37) would not have

reasonably persuaded the Commissioner to reach a different conclusion on the issue of whether plaintiff was disabled on or before May 13, 2008. The following are representative excerpts from the psychologist's statement:

> Q	The Judge faults both you and Dr. Yasmin because he claims that, "Neither clinician supported their conclusions with meaningful specific objective findings." So can you help us fill in that possible blank about what specific meaningful objective findings would you have found Mr. Hyde was suffering from to find that he was so markedly impaired and met listings [] 12.04 and [12.]06?
>
> A	Well, when you're filling out one of those Psychiatric Review Technique forms, if you know the patient real well you're not necessarily going back to every single note and making sure every single note provides supportive documentation for the findings on the PRT. When your making your evaluation on the Psychiatric Review Technique form, you're basing it on your overall impressions of the individual, and each time you do a progress note you're not worrying about whether or not there's potentially supportive documentation in each progress note to support the findings that you may eventually be asked to make on the Psychiatric Review Technique form.
>
> * * *
>
> Q	Really probably the heart of the Judge's decision is this quote, "The degree of the limitations suggested by Doctors Yasmin and Mintzes is disproportionate to the clinician's own records, and is contraindicated by other substantial evidence in the case record, and as such their opinions are assigned minimal w[eight.]" So, essentially, the Judge is saying because your records didn't indicate his severe condition, why would the PRTs and MRTs find such severity? How would you address that issue?
>
> A	Because when you're filling out the PRTs and the MRTs, your doing it based on your contact with the individual and with your overall impressions of the individual in terms of how we feel that individual is doing. And when your doing the progress notes, you're not doing them with the MRTs or the PRTs in mind. You're doing them with the view toward being able to recall what you talked about, and the kinds of issues that were existing in the person's life at that time.

(A.R. 20-21, 22-23). The time for the psychologist to address the significant discrepancies between his progress notes and the PRT forms he submitted in support of plaintiff's application for DIB benefits was before, not after, the ALJ's decision. His after-the-fact assessment of the adequacy of

-9-

the ALJ's opinion is irrelevant. If anything, this testimony demonstrates that the psychologists's opinions were unsupported by tests or other objective criteria, but were based on "overall impressions," confirming that they were entitled to scant weight.

Plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. I recommend that plaintiff's request for a sentence six remand be denied because he has not addressed nor carried his statutory burden. Plaintiff's arguments will be evaluated on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ committed reversible error when he gave "no weight" to the opinions of Psychologist Mintzes and Psychiatrist Laila Yasmin, M.D. Further, he argues that the ALJ committed reversible error when he failed to mention Mintzes's opinion that plaintiff met the requirements of "the listing." (Plf. Brief at 22).

A.  Opinions Expressed on Issues Reserved to the Commissioner

The ALJ did not ignore Psychologist Mintzes's opinion that plaintiff met the requirement of listings 12.06. (A.R. 61-62, 134, 382). Mintzes waited until after the ALJ's decision to first express his opinion that plaintiff met the requirements of listing of listing 12.06. The ALJ cannot be faulted for a failure to mention evidence that was never presented to him.

The ALJ gave "minimal weight" to the opinions Dr. Yasmin and Psychologist Mintzes expressed on issues reserved to the Commissioner:[2]

---

[2]"The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the SSA considers to be 'severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience.' [20 C.F.R.] §

The claimant's mental impairments, considered singly and in combination, do not meet the requirements of the criteria of listings 12.04 or 12.06. This determination is reached in spite of the aforementioned assessment of a former treating clinician Yasmin, and similar conclusions rendered by former treating physician Mintzes (Exhibit F pp. 170-190, 422-438) [A.R.130-47, 378-95]. Dr. Yasmin indicated that the claimant met sections 12.04 and 12.06, [A.R. 401-18] and Dr. Mintzes indicated that he equaled 12.04 [A.R. 134, 144, 382, 392]. Each clinician checked a variety of boxes showing marked functional restrictions in categories that were work prohibiting in nature. Neither clinician supported their conclusions with meaningful specific objective findings. Although Dr. Mintzes indicated that the claimant had poor concentration and memories (Exhibit F, p. 436)[A.R. 132], this evaluator made no reference to such deficits in his progress notes. In fact, Dr. Mintzes commonly found the claimant to be progressing well and to have a good overall prognosis. [A.R. 357-77]. As delineated above, Dr. Yasmin's notations reflected relatively stable clinical status for the claimant (e.g., preserved memories; clear sensorium; proper orientation; spontaneous, organized and logical stream of mental activity; clear speech; no perceptual disturbance or psychomotor agitation or retardation, etc.)[A.R. 396-99], and were certainly not indicative of listing level dysfunction. The degree of limitation suggested by Drs. Yasmin and Mintzes is disproportionate to the clinician's own records,[3] and it is contraindicated by other substantial evidence in the case record, and as such, their opinions are assigned minimal weight.

(A.R. 61-62).

The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. § 404.1527(e); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004); *see also Deaton v. Commissioner*, 315 F. App'x 595, 598 (6th Cir. 2009). The opinions of Drs. Yasmin and Mintzes that plaintiff was disabled, or that he was disabled because he met the requirements of listings 12.04 and/or 12.06 were not entitled to any particular weight. *Warner*, 375 F.3d at 390; *see Zaph v. Commissioner*, No. 97-3496, 1998 WL 252764, at * 2 (6th Cir. May 11, 1998) ("[T]he issue of whether an individual's impairment is

---

404.1525(a). In other words, a claimant who meets the requirements of a listed impairment will be deemed conclusively disabled." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009).

[3]The ALJ gave a detailed summary of plaintiff's medical and psychological treatment history, including the care he received from Psychologist Mintzes and Dr. Yasmin earlier in his opinion. (A.R. 58-61).

equivalent to a listed impairment is an administrative finding, not a medical one."). "Generally, the opinions of treating physicians are given substantial, if not controlling deference." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *see Cox v. Commissioner*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another, where, as here, the ALJ's opinion is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record."). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton*, 246 F.3d at 773; *see Kidd v. Commissioner*, 283 F. App'x 336, 340 (6th Cir. 2008). The credibility of the plaintiff's subjective complaints is an issue reserved to the Commissioner, and a treating physician's opinion regarding the credibility of his patient's subjective complaints is not entitled to any particular weight. *See Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009). An opinion that is based on the claimant's reporting of her symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Mitchell v. Commissioner*, 330 F. App'x 563, 570 (6th Cir. 2009); *Smith v. Commissioner*, 482 F.3d 873, 876-77 (6th Cir. 2007).

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of

factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. § 404.1527(d); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006); *see also Anthony v. Astrue*, 266 F. App'x 451, 458-59 (6th Cir. 2008).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Allen v. Commissioner*, 561 F.3d 646, 651 (6th Cir. 2009); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "The procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deem them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876.

I find no violation of the treating physician rule. The ALJ's opinion is supported by more than substantial evidence and the ALJ complied with the procedural requirement of providing "good reasons" for the weight he gave to the opinions expressed by Psychologist Mintzes and Dr. Yasmin.

    B.    <u>The ALJ's Finding that Plaintiff Did Not Meet or Equal the Requirements of Listings 12.04 and 12.06</u>

Plaintiff argues that the ALJ "overrul[ed]" Dr. Yasmin and Psychologist Mintzes on the issue of whether he satisfied the requirements of listings 12.04 and 12.06. (Plf. Brief at 2). This is patently incorrect. The ALJ makes the administrative findings, not plaintiff's treating physician or treating psychologist.

It is well established that a claimant must show that he satisfies all the individual requirements of a listing. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). "If all the requirements of the listing are not present, the claimant does not satisfy that listing." *Berry v. Commissioner*, 34 F. App'x 202, 203 (6th Cir. 2002). "It is insufficient that a claimant comes close to satisfying the requirements of a listed impairment." *Elam*, 348 F.3d at 125.

"Listing 12 addresses nine specific mental disorders and begins with a set of introductory instructions." *Randall v. Astrue*, 570 F.3d 651, 658 (5th Cir. 2009). The listing's introductory instructions "are no less mandatory" than the individual listings. *Id.*; *see* 20 C.F.R. § 404.1525(c)(2). The introduction states, "Each listing, except 12.05 and 12.09, consists of a statement describing the disorder(s) addressed by the listing, paragraph A criteria (a set of medical findings), and paragraph B criteria (a set of impairment-related functional limitations). There are additional functional criteria (paragraph C criteria) in listings 12.02, 12.03, 12.04, and 12.06." Listings 12.04 and 12.06 contain identical paragraph B criteria. The claimant has the burden of demonstrating at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A "marked" limitation is a degree of limitation that is more than moderate, but less than extreme. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *see Sullenger v. Commissioner*, 255 F. App'x 988, 993-94 (6th Cir. 2007); *Pascoe v. Commissioner*, 137 F. App'x 828, 844 n.18 (6th Cir. 2005). The ALJ found that plaintiff had "mild" restrictions in his activities of daily living, "moderate" difficulties in maintaining social functioning, "moderate" difficulties of concentration, persistence or pace, and

"no documented episodes of decompensation." (A.R. 58-62). These findings are supported by more than substantial evidence, and plaintiff does not point to any objective evidence in the record that supports findings severe enough to meet all requirements of the listings.

**3.**

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence and that the ALJ failed to provide an adequate explanation why he found that plaintiff's testimony was not fully credible. (Plf. Brief at 20-22). The ALJ's opinion contains a lengthy and detailed discussion of the medical evidence, plaintiff's subjective complaints, and the reasons the ALJ found that plaintiff's complaints were not fully credible. (A.R. 58-64). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see McGlothlin v. Commissioner*, 299 F. App'x 516, 523-24 (6th Cir. 2008). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review,

[the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge h[is] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009). It was appropriate for the ALJ to take plaintiff's daily activities into account in making his credibility determination. (A.R. 26). *See Cruse v. Commissioner*, 502 F.3d 532, 542 (6th Cir. 2007); *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Cox v. Commissioner*, 295 F. App'x 27, 33-34 (6th Cir. 2008). I find that the ALJ provided a more than adequate explanation of his credibility determination, and that the ALJ's administrative finding regarding plaintiff's credibility is supported by more than substantial evidence.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed. I further recommend that plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because plaintiff has not carried his statutory burden.

Dated: March 1, 2010        /s/ Joseph G. Scoville
                            United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).