UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN N. HYDE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

File No. 1:08-CV-1012

HON. ROBERT HOLMES BELL

**MEMORANDUM OPINION AND ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 1, 2010, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff Kevin N. Hyde's claim for disability insurance benefits ("DIB") be affirmed, and that Plaintiff's alternative request for remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied because Plaintiff has not carried his statutory burden. (Dkt. No. 13, R&R.) Plaintiff has filed objections to the R&R. (Dkt. No. 14.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear

enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Plaintiff objects to the R&R's failure to consider new evidence from his mental health providers explaining their medical records. Plaintiff also contends that, contrary to the R&R's determination, the ALJ's findings were not supported by substantial evidence because the ALJ improperly failed to give controlling weight to the opinions of Plaintiff's mental health providers.

The R&R correctly explained that the Court cannot consider evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) ("[T]his court has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review."). The R&R further declined to recommend a sentence six remand based upon the Magistrate Judge's conclusion that Plaintiff failed to show that the evidence was material or that he had good cause for not presenting it to the ALJ. Plaintiff has not shown that the Magistrate Judge's conclusion was erroneous. Upon de novo review, the Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to carry his burden under sentence six.

The R&R discussed in detail why the ALJ did not commit reversible error when he failed to give controlling weight to the opinions of Plaintiff's mental health providers.

Plaintiff has not shown that the anlysis in the R&R was erroneous. Upon de novo review, the Court agrees with the R&R's analysis and its conclusion that the ALJ did not commit reversible error when he failed to give controlling weight to the opinions of Plaintiff's mental health providers. Accordingly,

**IT IS HEREBY ORDERED** that the March 1, 2010, R&R (Dkt. No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's alternative request for remand of this matter to the Commissioner under sentence six of 42 U.S.C. § 405(g) is denied because Plaintiff has not carried his statutory burden.

Dated: March 23, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE